# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RACHEL BRYANT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>BORUNDA INCORPORATED, et al.,<br><br>　　　　Defendants. | Case No. 1:17-cv-01264-SAB<br><br>ORDER DISMISSING ADA CLAIM AS MOOT, DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER STATE LAW CLAIMS AND DISMISSING THEM WITHOUT PREJUDICE, AND DIRECTING CLERK OF THE COURT TO CLOSE THIS ACTION |

　　　　On September 21, 2017, Plaintiff Rachel Bryant filed this action alleging violations of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 et seq., and state law claims. (ECF No. 1.) On November 15, 2017, Defendant Borunda Incorporated consented to the jurisdiction of a United States magistrate judge. (ECF No. 7.) On February 6, 2018, Plaintiff consented to the jurisdiction of a United States magistrate judge. (ECF No. 14.) On February 8, 2018, Defendant Times Square Holdings, LLC consented to the jurisdiction of a United States magistrate judge. (ECF No. 16.) Based upon the consent of all parties, this action was reassigned to the undersigned for all purposes. (ECF No. 17.) On April 26, 2018, Kristina Palacios, who is a successor to Plaintiff, filed a notice of the death of Rachel Bryant, Plaintiff. (ECF No. 19.)

　　　　Pursuant to Rule 25(a)(1) of the Federal Rules of Civil Procedure,

> [i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after

>service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1).

Here, Plaintiff is deceased and a motion for substitution has not been filed. The Court first determines whether the claims in this action survive Plaintiff's death. The Court notes that it has jurisdiction over this action through the presence of a federal question, and specifically, Plaintiff's claim under Title III of the ADA. The Court has supplemental jurisdiction over Plaintiff's state law claims.

Plaintiff's first claim for relief is pursuant to Title III of the ADA. Injunctive relief is the only remedy available to a private litigant under Title III of the ADA. See 42 U.S.C. § 12188(a)(1); Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002); Ervine v. Desert View Reg'l Med. Ctr. Holdings, LLC, 753 F.3d 862, 867 (9th Cir. 2014). A plaintiff's death renders his claim for injunctive relief moot. See Kennerly v. U.S., 721 F.2d 1251, 1260 (9th Cir. 1983). Therefore, the Court finds that Plaintiff's claim under Title III of the ADA was extinguished by her death and this claim is dismissed as moot. Accordingly, the extinguishment of Plaintiff's ADA claim leaves only state law claims in this matter.

Having found that Plaintiff's federal claim at issue in this action is moot and shall be dismissed, no federal claims remain over which this Court has original jurisdiction. See Peralta v. Hispanic Bus., Inc., 419 F.3d 1064, 1068 (9th Cir. 2005) ("In civil cases, subject matter jurisdiction is generally conferred upon federal district courts either through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C. § 1331.") The only claims remaining are the state law claims for violation of California's Unruh Act, California Civil Code, section 51, and California Health and Safety Code sections over which the Court has supplemental jurisdiction. The Court considers whether it should continue to exercise supplemental jurisdiction over the state law claims.

Where a district court has original jurisdiction, it may exercise supplemental jurisdiction over all claims that are that are so related that they form part of the same case or controversy. 28 U.S.C. § 1367(a). As relevant here, the district court may decline to exercise supplemental jurisdiction where all claims over which the court has original jurisdiction have been dismissed. 28 U.S.C. §

1367(c)(3). "A district court's decision whether to exercise that jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." Carlsbad Tech., Inc. v. HIF Bio, Inc., 556 U.S. 635, 639 (2009). "To decline jurisdiction under § 1367(c)(3), the district court must first identify the dismissal that triggers the exercise of discretion and then explain how declining jurisdiction serves the objectives of economy, convenience and fairness to the parties, and comity." Trustees of Constr. Indus. & Laborers Health & Welfare Tr. v. Desert Valley Landscape & Maint., Inc., 333 F.3d 923, 925 (9th Cir. 2003).

"[D]istrict courts [should] deal with cases involving pendent claims in the manner that best serves the principles of economy, convenience, fairness, and comity which underlie the pendent jurisdiction doctrine." City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 172–73 (1997) (quoting Carnegie–Mellon Univ. v. Cohill, 484 U.S. 343, 357 (1988)). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." Acri v. Varian Assocs., Inc., 114 F.3d 999, 1001 (9th Cir.), supplemented, 121 F.3d 714 (9th Cir. 1997), as amended (Oct. 1, 1997) (quoting Carnegie–Mellon Univ., 484 U.S. at 350 n.7).

Here, the Court has found that Plaintiff's federal claims are moot and must be dismissed. Plaintiff brings a California Unruh Act claim pursuant to Section 51(f) of the California Civil Code and a California Health and Safety Code claim. Although the California Unruh Act incorporates the ADA into the elements of a claim, this cause of action does not create federal question jurisdiction. See Wander, 304 F.3d at 857-58 (holding that plaintiff's state law cause of action claim under the California Disabled Person's Act does not 'arise under federal law' even though it is premised on a violation of federal law, the ADA); Wyatt v. Rug Emporium, 1:15-cv-01414-AWI-SMS, 2016 WL 2990598, *2 (E.D. Cal. May 24, 2016) (holding that California Civil Code §§ 51(f) and 54.1(d) do not create federal question jurisdiction even though they incorporate the ADA).

Considerations of comity weigh strongly in favor of declining to exercise supplemental jurisdiction. All the remaining claims arise under state law. There is no reason for this Court to continue to hear this action where the state court is equally competent to hear the case and likely has a better grasp of the law of its own forum. Therefore, the principle of comity favors deference to

the state court.

Judicial economy would not be promoted by the further investment of federal judicial time in continuing to exercise supplemental jurisdiction over the state law claims. The Court has had little judicial involvement in this case. Thus, there is no strong reason for this Court to continue to exercise supplemental jurisdiction.

The factor of convenience to the parties weighs against continued exercise of jurisdiction as the state courthouse is less than a block away from the federal courthouse and easily available to the parties. Nor does the Court have any reason to doubt that the state court will provide the parties with an equally fair adjudication of the state claims.

The Court finds that the considerations of comity, judicial economy, convenience, and fairness to the parties do not strongly support the exercise of supplemental jurisdiction. The Court therefore declines to exercise discretion over the state law claims. The state law claims shall be dismissed without prejudice.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's claim under Title III of the ADA is DISMISSED as moot;
2. The Court DECLINES to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3) and those claims are DISMISSED without prejudice; and
3. The Clerk of the Court is DIRECTED to close this action.

IT IS SO ORDERED.

Dated: **June 13, 2018**

UNITED STATES MAGISTRATE JUDGE